COOPER, Appellant, vs. HUERTH and others, Respondents.

*January 14—March 17, 1914.*

*Principal and agent: Sales: Independent contract by agent: Special verdict: Form: Judgment contrary to finding as understood by all: Surprise.*

1. Agents through whom an article (in this case an automobile) is sold, even though the sale is evidenced by a written agreement between their principal and the buyer, may for the purpose of promoting their business as agents make an independent oral contract with the buyer on their own behalf and outside the scope of their agency, by way of warranty of the article sold.

2. Where the controversy was as to whether defendants, through whom as agents plaintiff bought an automobile, made for themselves, independently of the written agreement between their principal and plaintiff, an oral agreement to take the car back if it did not prove satisfactory, and a question submitted in the special verdict was supposed by counsel on both sides and by the court as well to cover that issue, and the jury so understood it and found thereon, upon sufficient evidence, in plaintiff's favor, it was error for the court afterwards, upon the theory that the verdict did not cover that vital issue, to find thereon and render judgment in favor of defendants.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action for breach of contract.

Plaintiff's claim was that the individual defendants, in their behalf and of the corporation defendant, the *Huerth-*

*Schaefer Auto Company,* of which they were the proprietors, sold to him an automobile, taking an old machine in part payment and his note for the deferred amount, $839, the note to be left in the State Bank of Sauk City, Wisconsin, to await a trial of the machine in respect to whether it would fill specified requirements so as to enable him to do his work therewith and if not the sale to be off and the note to be returned; that the machine wholly failed to come up to the guaranty made by defendants and on the faith of which it was purchased, whereupon plaintiff tendered it back and demanded a return of his note, which was refused; that the note, instead of being held subject to a test of the machine as agreed, was put in circulation whereby it, for a valuable consideration in due course, came to the ownership of a party to whom plaintiff was compelled to pay it, to his damage in the amount so paid.

The claim of defendants was that they, as agents for the Monona Motor Car Company and in no other capacity, sold the car to plaintiff; that the entire sale contract was embodied in a written agreement between their principal and plaintiff and contained no such guaranty as that claimed by him, and none other than as agents, and that the machine was in all respects according to the calls of such contract. The return of the machine and negotiation and payment of the note were admitted. Upon the trial the cause was opened to the jury on plaintiff's part upon the theory that the issue to be tried was whether defendants, for themselves, made an agreement in respect to the character of the machine as claimed in the complaint, and on defendants' part, upon the theory that they did not make any such contract nor any other except as agents, nor other than the one embodied in the writing.

Evidence was produced to support the two theories,— court and jury understanding that the wrong which plaintiff complained of was a breach of a contract made by defendants in their own behalf to induce plaintiff to make the writ-

ten contract. There was evidence to the effect that, in the
negotiations for the purchase of the machine, plaintiff was
assured that if it did not prove satisfactory it would be taken
back and, as a test, plaintiff exacted and obtained assurance
from defendants, personally, that it would go up a particular
hill. It was established that the machine, in plaintiff's
hands, would not perform satisfactorily by going up such
hill. There was some conflicting evidence as to whether the
failure was owing to fault in the machine or in operating it.

To maintain the defense the written sales contract was pro-
duced in evidence and proof was made tending to show that
it was the only agreement respecting the machine.

At the close the conflicts were as to whether defendants
made the contract claimed by plaintiff, agreeing that the test
of capacity of the machine should be whether it would per-
form satisfactorily in respect to going up the particular hill,
or whether the sole contract was the written agreement with
the company for which defendants were agents. The court
prepared this form of a special verdict upon the theory, at
least as the parties supposed, that it covered all disputed
matters in the case which were vital:

"(1) Did the defendants, or either of them, at any time
during the negotiations for the sale of the car in question say
that if the car was not satisfactory to the plaintiff there would
be no sale?

"(2) Did the defendants, or either of them, at any time
during the negotiations for the sale of the car in question,
guarantee that this car would go up Yankee Hill?

"(3) If you answer questions No. 1 and No. 2, or either
of them, 'Yes,' then name the defendant, or defendants, that
made such statement.

"(4) If you answer questions No. 1 and No. 2, or either
of them, 'Yes,' was the plaintiff induced to buy the automo-
bile in question because of his belief in and reliance upon the
truth of such statements?

"(5) Was the trouble with the car here in question caused
by the failure of the plaintiff to properly operate or care for
the car?

"(6) Did the plaintiff, at the time he returned the car to the defendants, demand that they return the consideration which he gave for the same?"

Counsel for plaintiff did not ask submission of any other question, assuming that question 1 was framed to cover the disputed matter of whether defendants made the agreement he claimed. That was the basis of the cause of action plaintiff supposed himself to have, the one to which all the evidence had been directed, and the one stated to the jury to enable them to understand the evidence.

Plaintiff's counsel requested an instruction which embodied the precise claim of plaintiff, but the same was not given. The court instructed the jury, briefly, as to each question, without saying anything to indicate that the form for verdict did not cover the precise matter of dispute, to wit, whether defendants, for themselves, made the agreement claimed to induce plaintiff to take the machine under the written contract.

All questions of the special verdict were answered in plaintiff's favor. Thereupon his counsel moved for judgment and counsel for defendants moved the court for judgment on the verdict and, as an alternative, for a change of answers so as to shape the verdict in defendants' favor and for judgment accordingly.

Both motions were denied and judgment was rendered in defendants' favor upon the theory that the vital question of whether defendants contracted, for themselves, with plaintiff, as he claimed was not covered by the verdict, that there was no evidence to warrant a finding on that matter in his favor, and that the court, in any event, could make the finding as to such matter in defendants' favor under the statute, sec. 2858m.

Counsel for plaintiff moved to set the judgment aside upon the ground of surprise; in that the only question in the case was whether defendants, for themselves, made the contract as claimed; that such question was the only one tried and re-

quired to be submitted to the jury, and that they were led to believe from the trend of proceedings up to the time of the announcement of the decision on the motions for judgment that the evidence produced raised a jury question in respect to the matter and that the court submitted question 1 to cover such matter.    The motion was denied.

For the appellant there was a brief by *Bentley, Kelley & Hill,* and oral argument by *F. R. Bentley* and *J. H. Hill.*

For the respondents the cause was submitted on the brief of *Jones & Schubring.*

MARSHALL, J.    The judgment must be reversed.

From the statement, which is a pretty accurate picture of the proceedings in this case, we cannot escape the conclusion that counsel supposed, and had good reason to suppose, that question 1 covered the vital matter in the case; that respondents' counsel likewise supposed; and that the court submitted the question in such belief.    It was a misuse of sec. 2858m, Stats., to submit to the jury the cause upon one theory and then dispose of it upon another, referring to sec. 2858m for assistance.    That section was not intended as an instrumentality for any such use.    True, as the trial court thought, it was essential to a recovery by plaintiff to satisfy the jury that defendants for themselves made the special contract as regards the capacity of the machine.    The record shows counsel understood that in commencing the action and in every step taken on the trial down to the last opportunity for saying anything or doing anything in the case.

That they were taken by surprise, in the end, by the decision that the special verdict submitted by the court to cover the conflicts did not cover the most vital matter, and that there was no evidence to support plaintiff's side, is most natural. Evidently, there was no one connected with the case who entertained such an idea.    Counsel for defendants did not, else they would have moved for judgment notwithstanding the

verdict. They moved for judgment on the verdict which, obviously, was baseless. Their motion to change the answers so as to warrant a judgment in defendants' favor shows that they, as well as counsel for plaintiff, supposed that the court intended to and did submit plaintiff's claims to the jury. That the jury so understood it, we cannot doubt. All the evidence was directed to the point of whether respondents made the independent contract.

True, there was no evidence that the actor on defendants' part expressly stated that he made the agreement for themselves as principals; but the cause of action sued on involved that very matter as the vital point. The only fair view of the evidence is that it was directed to such point. The jury must have so understood it. We could not so reflect on counsel as to think that they traveled the whole course of this simple case without knowing what was required to make a good cause of action for their clients and whether the evidence produced raised a fair jury question in respect to the matter and supposed, and had the best of reason for supposing, it was covered by the verdict.

The right of appellant seems too plain to warrant further discussing the matter. That the evidence raised a fair jury question as to whether defendants made the contract as claimed; that the jury understood, and had a right to understand, such issue was covered by the form for verdict submitted for their use and that they answered the questions for the purpose of finding that defendants for themselves made the contract as to the capability of the machine for plaintiff's work, seems plain.

That it was perfectly competent for defendants, though acting as agents, to bind themselves by a contract entirely outside the scope of their agency, and for the purpose of promoting their business as agents, there can be no doubt. *Hull v. Brown,* 35 Wis. 652. The evidence tended to show that such a contract was made. The jury intended to find that

such a contract was made.    The question which they supposed covered that vital matter, viewed in the light of the evidence and the whole trial of the case, meant what the jury supposed it to mean.    It follows that the judgment should have been awarded to plaintiff on the verdict.

*By the Court.*—The judgment is reversed, and the cause remanded for judgment in favor of plaintiff.

KERWIN and TIMLIN, JJ., dissent.