Tews, Respondent, vs. Marg, Appellant.

*November 15—December 19, 1944.*

*Donald L. Farr* of Eau Claire, for the appellant.

For the respondent there were briefs by *Hugh G. Haight* of Neillsville, attorney, and *Brazeau & Graves* of Wisconsin Rapids of counsel, and oral argument by *Theodore W. Brazeau.*

FAIRCHILD, J.  Respondent did not attempt to prove the giving of a necessary notice to appellant of a claim for damages because of breach of warranty. He concedes on this appeal "that, by reason of their failure to give any notice, as required by section 121.49, Wisconsin Statutes, they are not entitled to recover on the ground of breach of warranty."

Appellant was very evidently relying on the failure to give the notice as a substantial reason for defeating the cause of action alleged. The question now arises as to whether anything occurred to warrant assuming a change in the cause of action and a requirement of appellant to explain or defend

against such other cause of action. Was his failure to do so such as to subject him to the judgment entered? Respondent thinks that recovery in his favor may be had in this case on the ground of fraud, that "the court in rendering judgment for the plaintiff [respondent] treated the complaint as amended to conform to these proofs." But the pleadings were not changed so as to introduce or make a part of the complaint, any allegation of fraud or negligence. When the request was made by respondent to shift his case from one on contract to one in tort, appellant made his position plain. His attorney said: "If that motion were made even at the commencement of this trial I am sure this court would have granted a motion for continuance. The defendant should have had a right to prepare his case on that ground." There was some further discussion and the court said: "You gentlemen have made your record on this matter. I'm going to deny the motion." Then followed the motion by appellant for a directed verdict in defendant's favor. And the court ruled as follows: "As to that, the jury is here and we have tried the case. The same question can be raised after the verdict is in. I think we had better present the matter to the jury. Your motion for a directed verdict is denied." The course adopted resulted in respondent not being permitted to amend his complaint and also in a denial of a continuance affording an opportunity to appellant to answer the charge upon which judgment is now based.

If the judgment is upheld, it must be on the theory that there was a trial of the question of fraud and deceit. There is in the record testimony suggesting such a claim. But the issue was left as one upon contract by positive rulings to that effect upon the trial. It is considered that upon the record, it would be an injustice to the appellant to hold that an action in tort had come into being and had supplanted the action on contract sufficiently to advise appellant that such was the case at a time when it would have been possible for him to have introduced his defense.

Implied warranties are imposed by operation of law, and require notice of claim arising by reason of the breach. The jury found that there was an express warranty and the notice of claim of breach is a condition precedent to recovery. *Marsh Wood Products Co. v. Babcock & Wilcox Co.* (1932) 207 Wis. 209, 240 N. W. 392. To support an action for fraud and deceit, knowledge of the falsity of the statement upon which the defrauded person relied or proof that the statement was made recklessly without regard to accuracy, must be shown. *Barndt v. Frederick* (1890), 78 Wis. 1, 47 N. W. 6, 11 L. R. A. 199; *Standard Mfg. Co. v. Slot* (1904), 121 Wis. 14, 98 N. W. 923; 23 Am. Jur., Fraud and Deceit, p. 910, secs. 122, 128.

In the state of the record presented on this appeal, the respondent is not entitled to the extensive benefits he claims under sec. 270.28, Stats. That section is operative only when the question unsubmitted is essential to support the theory on which the pleadings were drawn and considered at the trial. It is a misuse of that section "to submit a case to the jury on one theory and then resort to the section and dispose of it on another theory." *Cooper v. Huerth* (1914), 156 Wis. 346, 146 N. W. 485; *Mullen v. Larson-Morgan Co.* (1933) 212 Wis. 52, 60, 249 N. W. 67.

Appellant throughout the trial relied on respondent's failure to give the required notice And he based the motion for a directed verdict upon that fact. It, however, appeared that respondent had misconceived his cause of action and upon discovering his situation asked to be permitted to amend his complaint. Some evidence had come into the case tending to prove negligence in the manufacture of the feed. The trial court refused to permit an amendment. Apparently, the court was of the opinion that the submission of a question with reference to the existence of an implied warranty would sufficiently supply grounds for solving the problem. We hesitate to say, in fact we do not say, that the trial court was in error in not allowing the amendment. And had he

adhered to his idea that the action was one for breach of warranty requiring notice and entered judgment in favor of the appellant, the respondent would encounter considerable difficulty in overcoming the judgment. But as the matter now stands, we have a case where judgment is in favor of respondent upon a contract under which he concedes he is not entitled to a recovery. But he asks to have the judgment sustained by claiming a right to a recovery on a tort against which the appellant has never been afforded the opportunity of defending.

If the cause of action had been amended so as to shift from contract to tort, under the circumstances, the adversary would have been afforded the right to answer and have been given time for preparation. We are of the opinion that the serious difficulty arising at this point can be solved by exercising the authority of this court under sec. 251.09, Stats., by reversing the judgment and remitting the case to the trial court for a new trial under pleadings properly amended so that the real controversy may be fully tried.

*By the Court.*—Judgment reversed, cause remanded with directions to grant a new trial, to allow an amendment of the pleadings by both parties upon payment of the costs below and upon this appeal, by the respondent.