NATIONWIDE MOTORIST ASSOCIATION OF MICHIGAN, INC., Nationwide Motorist Association of Ohio, Inc., Fred Mitchell, Edward Nedwick, Louis Hoekstra and Willard A. Rink, Plaintiffs,

v.

NATIONWIDE MOTORIST ASSOCIATION, INC., Gurn Freeman, Jack Freeman and William Doyle, Defendants.

Civ. A. No. 4969.

United States District Court
W. D. Michigan, S. D.

Aug. 25, 1965.

Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., F. William Hutchinson, Grand Rapids, Mich., of counsel, for plaintiffs.

Warner, Norcross & Judd, Grand Rapids, Mich., Friedman, Koven, Salzman, Koenigsberg, Specks & Homer, Chicago, Ill., Thomas R. Winquist, Grand Rapids, Mich., of counsel, for defendants.

FOX, District Judge.

This is an action by two corporations and four individuals alleging fraud on the part of the defendant Nationwide Motorist Association, Inc. (NMA), and three of its officers.

The fraud is alleged to consist specifically of inducing plaintiff Mitchell to enter into two contracts with NMA (and to form the two corporations to which the contracts were subsequently assigned), and in inducing the four individuals to leave their prior positions and to devote their energies to the business of the plaintiff corporations.

This is a motion by defendants to quash the service of process on each and all of them, and to dismiss the action.

The facts stand as follows: In late 1962, a Mr. DenBesten, agent of defendant corporation, met with plaintiff Mitchell in Grand Rapids, concerning the sale of a Michigan franchise.

Certain representations were made by Mr. DenBesten at that time relating to the size, operations and financial status of defendant NMA, all of which were allegedly relied upon by plaintiff Mitchell and plaintiff Michigan corporation, in the course of its organization and operation.

In addition, Mr. DenBesten left certain documents with Mr. Mitchell containing similar representations which were allegedly also relied upon by plaintiffs Mitchell and the Michigan corporation in the course of its organization and operation. These documents were submitted to the court as exhibits attached to the affidavit of Willard A. Rink.

On January 11, 1963, plaintiff Mitchell met with defendant Gurn Freeman in

Chicago to discuss the Michigan franchise. He again met with Freeman and his brother, Jack, in Charlotte, North Carolina, on January 24, 1963, when the matter was discussed again.

All three flew to Chicago, and on the following day, January 25, plaintiff Mitchell met defendant Gurn Freeman at his office in Chicago, and a contract for the Michigan franchise was signed. Defendant Doyle had no personal part in the negotiations on the contract—he did not meet any of the plaintiffs on or before January 25, 1963.

Count I is on behalf of the Michigan corporation, and seeks damages of $500,-000 for the false representations.

Count II is on behalf of the Ohio corporation, and seeks similar damages.

The exhibits attached to Mr. Rink's affidavit are again relied upon in this Count. Also, in March and April of 1963, after formation of the Michigan franchise, defendants Gurn and Jack Freeman visited Grand Rapids, and discussed NMA and franchises generally at lunch with the individual plaintiffs. The Ohio franchise was not specifically discussed, but general representations were allegedly made.

Between the dates of the two luncheons, plaintiffs Mitchell and Nedwick had visited Chicago, and the Ohio franchise was specifically discussed at a meeting.

In April of 1963, Mr. DenBesten and Mr. Couls, employees of NMA, and defendant William Doyle came to Grand Rapids to train personnel for the Michigan franchise, and purportedly made general representations about NMA.

On April 26, after this personnel training visit, a contract was signed in Chicago for the Ohio franchise.

Counts III through VI allege on behalf of the individual plaintiffs that they were deceived and induced to leave their re-' spective employments to engage in the motor club business, with consequent loss of reputation and income.

In the cases of both corporate and individual defendants, there is a clear basis for valid service of process, under the law of the State of Michigan.

Michigan Statutes Annotated 27A.-705, Comp.Laws 1948, § 600.705, [Pub. Acts 1961, Act No. 236], reads as follows:

"The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which create any of the following relationships:

\*   \*   \*   \*   \*   \*

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort."

Michigan Statutes Annotated 27A.-715(2) repeats the same standards as a basis for limited jurisdiction over corporations.

These sections of the statutes provide two bases for the invocation of the "long-arm" statute: (1) the doing or causing of an act in the state resulting in an action for tort; and (2) the doing or causing of consequences to occur in the state resulting in an action for tort.

The tort involved in this case is fraud, which, as plaintiffs ably point out in their brief on this motion, contains the following elements:

(1) a material representation by defendants

(2) which was false,

(3) made with the knowledge of its falsehood, recklessly, or without any knowledge of its truth, as a positive assertion,

(4) with the intention that plaintiffs act upon it;

(5) that plaintiffs did act upon it with consequent injury.

McIntyre v. Lyon, 325 Mich. 167, 37 N. W.2d 903.

Thus, referring back to the requirements of Michigan Statutes Annotated 27A.705(2) and 27A.715(2), it is obvious that consequences have occurred in the State, namely, the injuries allegedly suffered, resulting in an action for tort, and this, under the terms of the statute, is sufficient, providing due process standards are met, of which more will be said at a later point in this opinion.

Lest the "consequences" test seem too tenuous we may turn to the "act" test with similar results.

Defendants, corporate and individual, assert that no acts were done in Michigan, relying upon the sole fact, evidently, that the contracts and certain discussions took place in Chicago.

Plaintiffs rightly point out that, in an action for fraud, the only acts which a defendant is capable of are the actual false representations, and here we have ample evidence of their occurrence in Michigan.

Defendants assert that since the acts of reliance, the signing of the contracts, took place in Illinois, there is a fatal defect in jurisdiction under the statute, and point to the opinion of Chief Judge Watkins in Mann v. Equitable Gas Co., D. C., 209 F.Supp. 571, as support for an attack on the "place of effect" theory, which is recognized in the opinion as the majority view relating to statutes such as the Michigan "long-arm" statute.

However, a closer reading of that case reveals that the decision rests on a lack of minimal contacts with the state on the part of defendant, which manufactured pipe in Texas and sold it to a West Virginia gas company. The pipe was used in West Virginia, where it exploded while in use. The court actually found insufficient activity within the state to warrant jurisdiction, refusing to be satisfied that a single, isolated event constituted the minimal contacts essential to due process as enunciated by Inter-national Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95.

Thus, the Mann case, supra, falls into the same category, for purposes of this motion, as Erlanger Mills v. Cohoes Fibre Mills, 4 Cir., 239 F.2d 502. There, Judge Sobeloff refused to uphold this application of a North Carolina "long-arm" statute when applied to a New York corporation in an action against it by a North Carolina corporation for sale of defective goods. His decision also turned on lack of sufficient contact, since the New York corporation had never done any business in North Carolina prior to that transaction.

In the instant case, the activity relied upon by plaintiff to establish "continuous and systematic business" by defendant corporation in Michigan, is ample to provide the minimal contacts sufficient for the exercise of limited jurisdiction.

Briefly, from January 1, 1963, to March 26, 1964, plaintiff Michigan corporation sold 14.4% of the total memberships sold by new franchises during that period, and provided 16.8% of total NMA revenues for 1963. These figures are adequate to show the necessary minimal contacts to satisfy due process requirements.

In Donley v. Whirlpool Corp., 234 F. Supp. 869 (E.D.Mich.1964), Judge Freeman found that 6% of defendant's total sales occurring in Michigan was sufficient to satisfy due process. Judge Freeman found general jurisdiction in that case, but the sales covered a three-year period and sales activity was apparently continuing at the time of the suit, which distinguishes it from this case.

Judge McCree, in Chovan v. E. I. Dupont De Nemours & Co., D.C., 217 F. Supp. 808, found limited jurisdiction over a corporation which conducted $130,-000 worth of business in Michigan per year. In his opinion one of the factors he balanced against inconvenience to the defendant was the fact that the nature

of the injuries was more likely to be in Michigan.

Thus, under the authorities relied upon by defendants to attack the exercise of limited jurisdiction in this case, there are clear factual distinctions in light of the isolated incidents involved. Under the authority of the two Michigan cases, clearly there is no violation of due process in an exercise of limited jurisdiction by this court.

In regard to the conduct of the corporate defendant, the facts as to Count I show that an agent of defendant discussed a franchise with plaintiff Mitchell and left descriptive literature allegedly relied upon and alleged to be fraudulent. Thus, the corporate defendant has done an act which renders it liable to service under Michigan Statutes Annotated 27A.715(2).

There is some question as to the applicability of the facts to all counts of the complaint, since evidently some of the individual plaintiffs did not actively take part in the transaction involved in Count I, and the individual defendants did not appear in Michigan relative to Count I, nor was the contract in Count I entered into in Michigan.

■ However, the matter for decision on this motion is whether or not there was proper service to establish jurisdiction, and it is apparent that there was, as to both corporate and individual defendants.

As to the corporate defendant, the action of its agent in the discussion of Count I above establishes jurisdiction.

As to the individual defendants, their appearances in Grand Rapids, and their representations to the individual plaintiffs, when considered in the context of the business of NMA, which is to establish franchises in as many locations as possible, will be considered "acts" within the meaning of Michigan Statutes Annotated 27A.705(2) sufficient to make out a case for jurisdiction over them.

An order may be entered in accordance with this opinion.