VOLK, Respondent, v. McCORMICK, Appellant.

*No. 162.   Argued February 4, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 185.)

For the appellant there was a brief by *Fulton, Menn & Nehs,* attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen O'Meara.*

BEILFUSS, J. The plaintiff concedes that in Wisconsin the three-year statute of limitations for personal injuries in medical malpractice commences to run from the date

the treatment or service was performed rather than from the date of the discovery of the tort.[2]

The statute of limitations in actions for fraud provides for a period of six years after the discovery of the fraud in which to commence the action (sec. 893.19 (7), Stats.).

Because this action was admittedly commenced more than three years after the alleged tortious act, the demurrer should be sustained unless the plaintiff's complaint states facts sufficient to state a cause of action for fraud.

In *McCluskey v. Thranow, supra,* a case considering alleged fraudulent statements of a physician, we stated at page 252:

"Fraud, if an element in this case, must arise out of a false representation. We have held that for a misrepresentation to be fraudulent, it must consist 'first, of a statement of fact which is untrue; second, that it was made with intent to defraud and for the purpose of inducing the other party to act upon it; third, that he did in fact rely on it and was induced thereby to act, to his injury or damage.' *International Milling Co. v. Priem* (1923), 179 Wis. 622, 624, 192 N. W. 68."

The complaint alleges the following:

In April of 1964, the plaintiff, Julia Volk, was fifty-three years old and was employed as a bartender and housekeeper. She was generally in good health except for severe osteoarthritis in her right hip. She consulted with the defendant, Dr. D. W. McCormick, a specialist in orthopedic surgery. Upon the advice of Dr. McCormick, he performed a hip prosthesis on her right hip. She alleges that during the course of the operation the defendant negligently injured or severed the sciatic nerve in the gluteal region which has resulted in permanent injuries to her right gluteal region and her right leg and foot. She

[2] *Reistad v. Manz* (1960), 11 Wis. 2d 155, 105 N. W. 2d 324, and *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787.

claims total disability of the right leg for any productive type of employment, and that she is permanently required to use a brace and crutches in order to walk.

Plaintiff states that she had no knowledge nor means of obtaining knowledge except through symptoms and the advice of the defendant; that defendant knew she had no knowledge nor suspicion of the cause of her condition from April, 1964, until May, 1966, and that she completely relied upon the defendant for prognosis, treatment and care during this period. She alleges the defendant falsely told her that nothing was wrong with her leg; that he had made no mistake or cut anything during that operation and that she would walk again; that he knew, or in the exercise of reasonable diligence should have known, of the injury to the sciatic nerve and of her permanently disabled condition; that these statements were made with intent to defraud and induce the plaintiff to rely upon them so as not to seek other medical aid or advice, and to prevent her from seeking information as to any cause of action she might have because of the nerve injury. She also alleges that in March of 1966, she was referred to another doctor for an electromyographic study of her right leg and that the defendant falsely reported the results of these tests and informed her she just had a pinched nerve, to keep on using the leg brace and crutches, and that she would be able to walk again.

It is further alleged that she did rely upon the false statements until May of 1966, and this delay has caused permanent damage because the sciatic nerve is beyond repair and has caused her not to seek legal advice until after the running of the three-year statute of limitations for personal injury actions.

It is, of course, fundamental for the purpose of examining a complaint challenged by demurrer that the facts stated therein are assumed to be true and the complaint must be liberally construed in a determination of whether its facts are sufficient to state a cause of action.

It is the position of plaintiff-respondent that she has alleged facts to meet the three requirements of fraud set forth in *McCluskey v. Thranow, supra.* We agree that she has and that the trial court properly overruled the demurrer.

The appellant-defendant contends that the complaint must unequivocally allege that the defendant knew of the injury to the sciatic nerve and that an allegation which states, ". . . in the exercise of reasonable diligence, should have had, full knowledge. . ." is insufficient. He cites *Tews v. Marg* (1944), 246 Wis. 245, 249, 16 N. W. 2d 795, as follows:

"To support an action for fraud and deceit, knowledge of the falsity of the statement upon which the defrauded person relied or proof that the statement was made recklessly without regard to accuracy, must be shown."

We agree that the standard "that in the exercise of reasonable diligence he should have known of the falsity" is not sufficient to constitute a fraudulent misrepresentation. However, if a statement is made by a person in the position of superior knowledge with reckless disregard whether it be true or false, it can be a basis of liability.[3]

The appellant stated only a part of the plaintiff's allegation. The quotation given is preceded by the allegation that the defendant did know of the injury to the nerve. The allegation of actual knowledge is sufficient to stand the test of demurrer.

In addition thereto the plaintiff did affirmatively and unequivocally allege that the defendant did falsely state to the plaintiff that there was nothing wrong with her right leg and she would eventually walk, and that he knew he had made no mistake nor cut anything during the operation and that he, in fact, knew the right leg was permanently damaged and that she would never walk without the aid of a brace and crutches.

---

[3] *See Stevenson v. Barwineck* (1959), 8 Wis. 2d 557, 99 N. W. 2d 690.

The appellant-defendant contends that the alleged misrepresentation, that plaintiff would walk in the future, was merely an unfulfilled promise and in fact plaintiff can walk—with the aid of a brace and crutches. It is not the plaintiff's claim that she is not now walking but that the statement taken with the other assurances lulled her into a sense of false security, ultimately causing her not to seek other medical assistance until it was too late to save the injured nerve or to seek legal advice which would have permitted her to assert her claim before the running of the statute of limitations on her personal injury claim.

The appellant correctly states the mere concealment of a negligent act in malpractice cases is not sufficient to constitute actionable fraud.[4]

The allegations here go beyond mere concealment of the alleged original negligent act. They are to the effect that plaintiff was falsely told that she was not permanently injured and would walk again, and was falsely told that the subsequent examination revealed only a pinched nerve; that these false statements were made for the purpose of inducing her to believe them and in turn not seek additional medical assistance or legal representation; and that she did believe them and did not seek assistance or information, all to her damage.

The appellant states that the plaintiff ceased to rely upon the representations of the defendant in May of 1966, and that she still had eleven months to commence her action at that time. He contends the plaintiff's complaint is that her damage is she did not start her action within three years and that there is no causal connection between the failure to bring the action and the false statements, citing *Gerke v. Johnson* (1951), 258 Wis. 583, 46 N. W. 2d 829.

The complaint alleges that plaintiff's reliance on the statements caused permanent damage in that the sciatic nerve, because of the delay, is beyond repair and caused

[4] *Krestich v. Stefanez* (1943), 243 Wis. 1, 9 N. W. 2d 130.

the plaintiff to delay seeking legal advice until more than three years after the operation. This action must stand or fall on her ability to prove fraud in addition to her damages because of tortious injury.

We are of the opinion that the complaint does allege facts sufficient to state a cause of action for fraud.

*By the Court.*—Order affirmed with leave to answer within twenty days after remittitur.