**DOUG SANDERS GOLF INTERCONTIN-ENTAL OF SOUTHEASTERN WIS-CONSIN, INC., Plaintiff,**

v.

**AMERICAN MANHATTAN INDUS-TRIES, INC., et al., Defendants.**

Civ. A. No. 71–C–638.

United States District Court, E. D. Wisconsin.

June 29, 1973.

Donald H. Mueller, Milwaukee, Wis., for plaintiff.

Irving D. Gaines and David A. Saichek, Milwaukee, Wis., for defendants American Manhattan Industries, Inc. and Mitchell Nassar.

John R. Collins and Robert A. Christensen, Milwaukee, Wis., for defendant Doug Sanders.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On or about August 4, 1969, plaintiff, a Wisconsin corporation, entered into a contract with defendant American Manhattan Industries, Inc., a Pennsylvania corporation with its principal place of business in Charleroi, Pennsylvania, and Doug Sanders, a resident of some state other than Wisconsin, acquiring the rights to an exclusive franchise under the name Doug Sanders Golf Intercontinental for certain counties in southeastern Wisconsin. Plaintiff alleges it was induced into the contract by false and intentionally misleading statements of the defendants that they had extensive operational expertise in the Doug Sanders Golf Intercontinental program (a golf tour program), unique specialized experience and knowledge regarding foreign and domestic travel, and that they could train, inform, and instruct plaintiff in the operation of its special system. The complaint also alleges that defendants agreed to render advice and consultation about the day-to-day operation of plaintiff's business when, in fact, defendants never intended and were not staffed or equipped to render such advice and consultation and have not done so. The plaintiff seeks to recover the full amount of the contract price, $26,000, as well as the amount it expended in fulfilling its part of its contractual obligation.

The case is before me now on defendants' motions to dismiss the complaint because this court does not have jurisdiction over the persons of the defendants and the complaint fails to state a claim upon which relief can be granted. Alternatively, defendants request the court to order the plaintiff to make his complaint more definite and certain.

The defendants contend that this court does not have jurisdiction over their person. The Federal Rules of Civil Procedure, Rule 4(e), provides, so far as is material:

"* * * Whenever a statute or rule of court of the State in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the State, * * * service may in either case be made under the circumstances and in the manner prescribed in the statute or rule."

Plaintiff asserts jurisdiction under § 262.05(1)(d), Wis.Stats. (1969), and under § 262.05(5)(a), Wis.Stats. (1969). Section 262.05 states, so far as is material:

"Personal jurisdiction, grounds for generally. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

"(1) *Local presence or status.* In any action whether arising within or without this state, against a defend-

ant who when the action is commenced:

*    *    *    *    *

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

*    *    *    *    *

"(5) *Local services, goods or contracts.* In any action which:

"(a) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff, *   *   * "

■ It is clear that this court has personal jurisdiction over defendant American Manhattan Industries, Inc., under § 262.05(5)(a). Certain listed services were to be supplied by the defendant to the plaintiff within the State of Wisconsin.

The contract provides:

"5. FRANCHISOR'S OBLIGATION.

*    *    *    *    *

"(B) Franchisor further agrees to provide training and instruction at Franchisee's own community within the premises of the newly opened operation for a period not to exceed five (5) days, if necessary."

Although contingent on the plaintiff's request, this provision clearly conveys a promise to the plaintiff by the defendant corporation to perform a service in this state.

■ Defendants contend that even if the statute does apply, they have not had the minimum contacts with the State of Wisconsin as required by the due process clause of the 14th Amendment of the United States Constitution.

The Supreme Court held in International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), that due process requires only that a party "have certain minimum contacts with it [the state]

such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" The principal case in this area is McGee v. International Life Insurance Co., 355 U. S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and is clearly controlling. In *McGee*, the question was whether a California statute which authorized personal jurisdiction over unlicensed foreign insurers in actions brought on policies issued to residents of the state violated the due process clause as applied to an insurer whose only contact with California was the contract sued on. The policy had been solicited, and the payments were made, by mail. Thus, although the defendant had performed no acts in California, his contacts were held to be sufficient. The court stated that "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State." *McGee* at 223, 78 S.Ct. at 201.

This court has dealt with the issue in Wisconsin Metal and Chemical Corp. v. DeZurik Corp., 222 F.Supp. 119, 123 (E.D.Wis.1963), and Becher Corporation v. Anderson-Tully Co., 252 F.Supp. 631, 634 (E.D.Wis.1966).

In *Wisconsin Metal and Chemical Corp.*, the plaintiff purchased certain valves from the defendant which were shipped into Wisconsin in response to plaintiff's order. The court found this to be a sufficient minimum contact with Wisconsin to establish jurisdiction over the defendant. Likewise, in *Becher*, the court found due process was not offended by Wisconsin's exercising personal jurisdiction over the defendants whose only contact with Wisconsin was various sales orders for beds. The plaintiff was a Wisconsin corporation. Defendant was a Michigan corporation having its principal place of business in Memphis, Tennessee.

I think it is clear that the due process rights granted by the 14th Amendment are not denied the defendant corporation by granting personal jurisdiction in a Wisconsin court. Plaintiff is a resident

of Wisconsin, and it is quite clearly stated in the contract that the franchise was to cover designated counties in the State of Wisconsin. In short, Wisconsin statutes provide for personal jurisdiction over defendant American Manhattan Industries, and such jurisdiction does not violate the 14th Amendment.

This court also has jurisdiction over defendants Doug Sanders and Mitchell Nassar. Mr. Nassar promoted the venture which is the subject of this suit and consummated the contract for defendant American Manhattan Industries. Defendant Sanders promoted and/or lent his name to the promotion of this plan in the State of Wisconsin. These contacts are sufficient to create jurisdiction over their persons in Wisconsin. See Nationwide Motorist Association of Michigan v. Nationwide Motorist Association, 244 F.Supp. 490 (W. D.Mich.1965); Lodge v. Western New York Dance Studios, 53 Misc.2d 803, 279 N.Y.S.2d 756 (1967). This is especially true when fraud or misrepresentation is alleged. An individual cannot induce a resident of Wisconsin to enter into a contract in Wisconsin which benefits the person making such representations and then claim immunity from suit in Wisconsin because of lack of personal jurisdiction in the state.

I also feel that the complaint alleges a proper cause of action with sufficient specificity. The complaint alleges that defendants fraudulently induced plaintiff to enter into the franchise agreement in issue. The fact that the complaint states that defendants may have acted "innocently" is not a fatal flaw. Under the circumstances of this case it appears to merely be an unartful way of alleging constructive fraud. The Wisconsin Supreme Court in Volk v. McCormick, 41 Wis.2d 654, 659, 165 N.W.2d 185, 188 (1969), stated:

"We agree that the standard 'that in the exercise of reasonable diligence he should have known of the falsity' is not sufficient to constitute a fraudulent misrepresentation. However, if a statement is made by a person in the position of superior knowledge with reckless disregard whether it be true or false, it can be a basis of liability."

There are no magic words necessary to properly allege constructive fraud. Clearly, plaintiff's allegation that defendants' representations may have been constructive fraud could have been stated in a more concise manner. However, considering the circumstances of this case, I think it is clear that the complaint satisfies the standard established in *Volk*.

The complaint is sufficiently clear and further specificity can be obtained through discovery. Therefore, I will not order the plaintiff to make the complaint more definite.

It is therefore ordered that defendants' motions to dismiss the action be and they are hereby denied.

It is further ordered that defendants' motion to compel the plaintiff to make the complaint more definite and specific be and it hereby is denied.