RIDGE LEASING CORPORATION, a Wisconsin Corporation, Plaintiff,

v.

MONARCH ROYALTY, INC., an Ohio Corporation, et al., Defendants.

No. 74-C-433.

United States District Court,
E. D. Wisconsin.

March 21, 1975.

Stepke, Weiss & Trebon by Lawrence A. Trebon, Milwaukee, Wis., for plaintiff.

Weiss, Steuer, Berzowski & Kriger by John P. Brady, Milwaukee, Wis., for defendants.

## ORDER

MYRON L. GORDON, District Judge.

This is an action involving payments allegedly due and owing the plaintiff pursuant to a sale and leaseback arrangement. The defendant Monarch Royalty, Inc., an Ohio corporation, has moved to dismiss the amended complaint for want of personal jurisdiction. Rule 12 (b)(2), Federal Rules of Civil Procedure. I conclude that the motion to dismiss should be denied.

In pertinent part, the amended complaint states:

"5. Prior to May 8, 1973, defendant Monarch, by its President, defendant Carl Long, contacted plaintiff in Milwaukee, Wisconsin for the purpose of soliciting plaintiff's purchase of certain items of personal property from defendant Monarch and certain other persons and plaintiff's leasing of such items of personal property to defendant Monarch.

"6. On May 8, 1973, plaintiff purchased such items of personal property and plaintiff and defendant entered into a lease agreement in writing . . . .

". . . .

"9. Said lease agreement and guarantys were executed by the respective defendants in Milwaukee, Wisconsin, all of plaintiff's services pursuant to the lease agreement were to be performed in Wisconsin, and the lease payments were to be made to plaintiff at Milwaukee, Wisconsin."

In addition, ¶ 23 of the lease agreement reads:

"LAW APPLICABLE AND VENUE. This lease shall be governed by the laws of the State of Wisconsin. In

the event that any legal action or actions arise out of or result from this lease, Lessee specifically waives any objections to Milwaukee County, Wisconsin as the place of venue."

In its brief, the defendant Monarch argues that its only connection with the state of Wisconsin was its payment of monthly lease payments to the plaintiff. However, the amended complaint, together with the affidavit of J. L. Dunn, president of Ridge Leasing Corporation, indicate that Monarch's connection with Wisconsin was much greater than the mere making of payments; these averments are uncontroverted.

According to the plaintiff, the defendant Monarch 1) made the initial contact with the plaintiff; 2) sent its president to Milwaukee to solicit the plaintiff's participation in the sale and leaseback transaction; 4) delivered documentation of title to the subject property to Ridge in Milwaukee; 5) accepted payment from the plaintiff for such property in Milwaukee; and 6) executed the lease agreement which is the subject of this action in Milwaukee.

Section 262.05(5), Wis.Stats., provides that a court in this state has jurisdiction over a person in any action which

"(a) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or

"(b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or

"(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; or

"(d) Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on his order or direction; or

"(e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred."

In my judgment, personal jurisdiction clearly exists under §§ 262.05(5)(b) and (e). The "service" which the plaintiff allegedly performed for Monarch in Wisconsin was essentially the extension of credit via the sale and leaseback arrangement. The lease agreement constitutes a "thing of value" for purposes of § 262.05(5)(e). As Judge Reynolds observed in Doug Sanders Golf v. American Manhattan Ind., Inc., 359 F.Supp. 918 (E.D.Wis.1973), at p. 921:

"An individual cannot induce a resident of Wisconsin to enter into a contract in Wisconsin which benefits the person making such representations and then claim immunity from suit in Wisconsin because of lack of personal jurisdiction in the state."

Finally ¶ 23 of the lease agreement indicates that the parties intended that any litigation would take place in Milwaukee. Given the nature of the alleged sale and leaseback transaction, it is arguable that such provision represented a substantial consideration, in the absence of which the plaintiff may have declined to enter into the sale-leaseback agreement with Monarch. In any event, it further undermines the defendants' position.

Therefore, it is ordered that the defendant Monarch Royalty, Inc.'s motion to dismiss be and hereby is denied.