PEPPAS, Appellant, vs. MARSHALL & ILSLEY BANK, Respondent.

*October 10—November 5, 1957.*

For the appellant there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondent there was a brief by *Bendinger, Hayes & Kluwin,* attorneys, and *Donald J. Tikalsky* of counsel, all of Milwaukee, and oral argument by *Mr. Tikalsky.*

CURRIE, J. When does a cause of action by a depositor against a bank to recover the amount of a check bearing a forged indorsement, which the bank had charged against the depositor's account, accrue so as to start the statute of limitations running? This is the sole question before us on this appeal.

In plaintiff's affidavit opposing the motion for summary judgment, he averred that he first learned that the indorsement of the check had been made by an unauthorized party when the circuit court for Milwaukee county, in November,

1952, entered its findings of fact in the action which he had commenced against the Perplies Brewing Company, drawee of the $625 check. It is plaintiff's contention on this appeal that the date of the commencement of the instant cause of action did not accrue until his discovery of the facts establishing the forgery of the payee's indorsement to the check, and, therefore, the six-year statute of limitations had not run against his cause of action.

The law is well established that a general deposit in a bank, such as in a checking account, creates a debtor-and-creditor relationship between the depositor and the bank. No cause of action arises in behalf of the depositor for the deposit until demand has been made upon the bank and it has refused such demand, unless facts have arisen which dispense with such demand. 1 Morse, Banks and Banking (6th ed.), p. 743, sec. 322; 5B Michie, Banks and Banking (perm. ed.), pp. 299, 301, secs. 357a, 357b; 5 Zollmann, Banks and Banking (perm. ed.), p. 384, sec. 3422, and p. 393, sec. 3428.

While there is some division of authority on the point, the better-reasoned cases hold that the act of a bank in returning to the depositor, as a canceled voucher, a check bearing a forged indorsement, together with a statement or pass-book showing the charging of the amount of such check to the depositor's account, is a denial of liability which dispenses with the necessity of a demand as a condition precedent for the depositor suing the bank to recover the amount of such check. *Union Tool Co. v. Farmers & Merchants Nat. Bank* (1923), 192 Cal. 40, 218 Pac. 424, 28 A. L. R. 1417; *Kansas City Title & Trust Co. v. Fourth Nat. Bank* (1932), 135 Kan. 414, 10 Pac. (2d) 896, 87 A. L. R. 334; and *Masonic Benefit Asso. v. First State Bank* (1911), 99 Miss. 610, 55 So. 408. These cases hold that the statute of limitations starts to run against the depositor's cause of action, to recover the amount of the check bearing the forged indorsement, as of the date the bank renders its statement to

the depositor showing the charging of the check to the depositor's account. On this point see also 34 Am. Jur., Limitation of Actions, p. 102, sec. 123, and annotation, 87 A. L. R. 344.

We quote from the opinion of the Kansas court in *Kansas City Title & Trust Co. v. Fourth Nat. Bank, supra,* as follows (135 Kan. at p. 422) :

"The relation of a bank to its depositor is that of debtor and creditor, and the sum he has on deposit in his checking account is a debt of the bank payable to him on demand; yet because it is payable on demand he cannot sue the bank for the amount of his deposit until payment on demand has been made and refused; and such demand and refusal are necessary to set in motion the statute of limitations. But where the bank renders a statement to the depositor showing the status of his checking account, it says to him in effect, 'This bank owes you this stated balance, and no more.' Such statement may fairly be construed as a notice that any claim the depositor may make in excess of the stated balance would be resisted by the bank. And in that view of the situation the depositor's formal demand for a greater sum and the bank's formal refusal to pay a larger sum would be unnecessary to perfect the depositor's cause of action, *and likewise to set in motion the statute of limitations.* If this is not the legal effect of the bank's monthly statement to its depositor, it is not apparent what function the monthly statement performs." (Emphasis supplied.)

The only provision in sec. 330.19, Stats., which makes the starting of the six-year period of limitation therein imposed dependent upon discovery by the aggrieved party of the facts giving rise to his cause of action, is to be found in sub. (7) of such statute. Such subsection provides that a cause of action for fraud shall not be deemed to have accrued until discovery by the aggrieved party of the facts constituting the cause of action. We believe this to be a proper case in which to invoke the rule of statutory construction of

*"expressio unius est exclusio alterius"* (the expression of one thing excludes another). Therefore, having expressly made the accrual of the cause of action dependent upon the discovery of facts by the aggrieved party only in an action for fraud, it will be assumed that the legislature did not intend this stated exception to apply to the other causes of action embraced within sec. 330.19.

We, therefore, hold that plaintiff's cause of action accrued when he received the statement and canceled vouchers from the defendant bank in May, 1946, and that such cause of action was barred by the six-year period of limitation provided by sec. 330.19, Stats., at the time he commenced the instant action on March 5, 1953.

*By the Court.*—Judgment affirmed.