**ARMOUR & COMPANY, Inc., Appellant,**

v.

**Robert L. MITCHELL, Appellee.**
No. 13494.

United States Court of Appeals
Sixth Circuit.

Dec. 11, 1958.

Poore, Cox, Baker & McAuley, Knoxville, Tenn., Alvin Y. Bell, Dayton, Tenn., for appellant.

Carl E. Reischling, Knoxville, Tenn., for appellee.

Before ALLEN, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for $12,000 on the verdict of a jury in a personal injury case. The appellee, while serving in the employ of appellant, contracted bronchitis and congestion of his lungs as a result of the alleged failure of the employer to exercise due care to furnish him a safe place to work. The duty assigned him was to bone meat on a table located in the cooler room, where the temperature was between 29 and 38 degrees Fahrenheit. The table on which he worked was close by a freezer room from which air came out on or under his feet. The temperature of this freezer, inside the cooler room, was at times ten degrees below Zero.

While working under these conditions, appellee was required to assist in unloading trucks containing meat and other commodities for cold storage and to pass to and fro between the cooler room and the outside loading platform. As a result of all this, he developed bronchitis and congestion in his lungs.

The district court carefully and correctly charged the jury upon the Tennessee law applicable to the facts of the case. No exceptions to the charge were noted.

Appellant insists that there was no evidence of actionable negligence upon its part; that the cause of action was barred by the one-year statute of limitations of Tennessee; that appellee was guilty of proximate contributory negligence; and that, as a matter of law, the appellee assumed the risk of his employment. Appellant urges, therefore, that the district court should have directed a verdict in its behalf.

■■ We do not agree with this conclusion. As to the statute of limitations, the bar would not run because of the continuing-tort theory. In our judgment, a clear-cut jury issue was presented, which was resolved in favor of the appellee and based upon substantial evidence. It cannot be said that, as a matter of law, plaintiff must be deemed to have known and appreciated the dangers of his employment. He was neither furnished warm clothing, nor apprized by the defendant of the necessity or advisability of procuring such clothing for use in the performance of his duties.

Upon the whole record, we think it cannot be assumed that appellee, by the exercise of ordinary care, had knowledge of the danger to himself nor that he appreciated such danger when he continued

582

to serve his employer under the working conditions confronting him. See Iron Co. v. Pace, 101 Tenn. 476, 488, 48 S.W. 232.

The judgment of the district court is affirmed.