DENZER and wife, and others, Appellants, v. ROUSE, Executrix of the Estate of JOHN H. ROUSE, Respondent.

*No. 132. Argued October 5, 1970.—Decided November 6, 1970.*
(Also reported in 180 N. W. 2d 521.)

For the appellants there were briefs by *Bruce Gillman* and *Arthur, Tomlinson & Gillman,* all of Madison, and oral argument by *Bruce Gillman.*

For the respondent there was a brief by *Jenswold, Studt, Hanson, Clark & Kaufmann* of Madison, and oral argument by *Robert R. Studt.*

ROBERT W. HANSEN, J. When did the statute of limitations begin to run as to the claimed negligence of the attorney who drafted the warranty deed involved in a 1947 real estate transaction?

*Statutes involved.*

The Wisconsin statutes here involved, in pertinent part, provide:

"893.14. . . . The following actions must be commenced within the periods respectively hereinafter prescribed *after the cause of action has accrued* . . . . (Emphasis supplied.)

"893.19 **Within 6 years;** . . .

"(5) An action to recover damages for an injury to property, or for an injury to the character or rights of another, not arising on contract, except in case where a different period is expressly prescribed.

"(7) An action for relief on the ground of fraud. The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."

*Action on contract.*

It is conceded that, if this cause of action against the estate of a deceased attorney were based on contract, it would be barred by the statute of limitations, the statute in such case ". . . commences to run from the time of the breach, whether the facts are known to the party having the right or not. . . ." [1] However, in this state an action for malpractice may sound in tort as well as contract, ". . . [t]he very same conduct gives plaintiff his option as to remedies. . . ." [2] So the issue raised here is as to a claim sounding in tort.

*Medical malpractice cases.*

In sustaining the demurrer and holding that the statute began running at the time the real estate deal was con-

[1] *Ott v. Hood* (1913), 152 Wis. 97, 100, 139 N. W. 762. *See also: Milwaukee County v. Schmidt, Garden & Erikson* (1969), 43 Wis. 2d 445, 455, 168 N. W. 2d 559.

[2] *Klingbeil v. Saucerman* (1917), 165 Wis. 60, 61, 62, 160 N. W. 1051, citing *Frechette v. Ravn* (1911), 145 Wis. 589, 130 N. W. 453. *See also: Milwaukee County v. Schmidt, Garden & Erikson, supra,* at page 453.

summated (1947), the trial court relied upon *McCluskey v. Thranow*,[3] wherein this court reaffirmed the rule that, in a case involving a claim of alleged medical malpractice, the period of limitations commenced at the time of alleged negligent act and resultant injury. In that case this court followed an interpretation earlier given the statute involved.[4]

### Three points in time.

In a more recent case involving a products liability claim, this court pointed out that, in the medical malpractice cases, *McCluskey* included, which have come to this court on appeal, ". . . three points in time were involved: the time of the negligent act, the time of injury, the time of discovery. . . ."[5] In *Holifield,* this court pointed out that, in the medical malpractice cases, ". . . The date of negligence and the date of injury were the same date. . . . Where both were simultaneous, it was holding that the statute of limitations runs from that date, the time at which the cause of action must be concluded to have accrued."[6]

Where then are these three "points in time" in the case before us? The time of the asserted negligence clearly is back in 1947 when the description of the prop-

---

[3] (1966), 31 Wis. 2d 245, 142 N. W. 2d 787.

[4] *Peppas v. Marshall & Ilsley Bank* (1957), 2 Wis. 2d 144, 148, 149, 86 N. W. 2d 27, where this court said, "The only provision in sec. 330.19, Stats., [presently sec. 893.19, Stats.] which makes the starting of the six-year period of limitation therein imposed dependent upon discovery by the aggrieved party of the facts giving rise to his cause of action, is to be found in sub. (7) of such statute [relating to actions for fraud] . . . [H]aving expressly made the accrual of the cause of action dependent upon the discovery of facts by the aggrieved party only in an action for fraud, it will be assumed that the legislature did not intend this stated exception to apply to the other causes of action embraced . . . ."

[5] *Holifield v. Setco Industries, Inc.* (1969), 42 Wis. 2d 750, 759, 168 N. W. 2d 177.

[6] *Id.* at page 759.

erty involved in the real estate deal was prepared by the attorney. The actual time of discovery, appellant asserts, came when its contention that the description in the deed was properly drawn so as to include the property involved in the ejection action was rejected by this court.[7] However, as to the time of injury, we would hold that the date was the date of consummation of the real estate transaction, back in 1947. It was on this date that the purchaser-appellant paid for and received the property described in the deed prepared by the attorney. Since ". . . a person has a 'cause of action' when he can come into court, plead and prove certain facts and secure the relief requested," [8] his cause of action was then complete, except that he did not know that it then existed. The only missing ingredient was actual knowledge that a mistake in describing the property had been made. The date of gaining such knowledge is the date of discovery. As this court has said, ". . . That the injury did not become noticeable or was not in fact noticed until a later date is another question. . . ." [9] Tolling of the statute of limitations in this state does not await the time or fact of discovery. When negligence and resultant injury have occurred, the statute starts to run. So we concur with the trial court finding that the statute of limitations in this case commenced to run back in 1947, at the time of the consummation of the real estate transaction, when negligence, if such there was, and injury alike occurred. It follows that the present action is barred by the statute of limitations.

*Area of judgment.*

More as a footnote than as an integral part of the decision, we mention that a statute of limitations runs against

[7] In *Grosshans v. Rueping* (1967), 36 Wis. 2d 519, 153 N. W. 2d 619.

[8] *Holifield v. Setco Industries, Inc., supra,* at page 754.

[9] *Id.* at page 759.

transparently doubtful claims as well as apparently meritorious ones. Its application ". . . has nothing to do with the equities of the suit . . . ." [10] While merit or lack of merit are not involved in the application of a statute of limitations to a claim, we note the fact that, when the interpretation of the warranty deed drafted by the deceased attorney came before this court for interpretation, [11] appellants defended the work of the attorney and contended that the deed accurately described the property. That was then, and not too long ago. However, now the same parties by their same present counsel shift gears to assert the deceased barrister was guilty of malpractice in doing what he did in the way he did it. In between these two alternative evaluations—competence and malpractice—lies a broad area of difficult and complex situations in which an attorney is bound to exercise his best judgment in the light of his education and experience, but is not held to a standard of perfection or infallibility of judgment. Certainly, an attorney is not called upon to predict unfailingly how a court will interpret a document or deed twenty some years later. A successfully asserted claim of legal malpractice needs more than the fact, standing alone, that a trial or appellate court interpreted a document differently than the lawyer or his client presumed they would. A lawyer would need a crystal ball, along with his library, to be able to guarantee that no judge, anytime, anywhere, would disagree with his judgment or evaluation of a situation.

*By the Court.*—Order affirmed.

[10] *Gamma Tau Educational Foundation v. Ohio Casualty Ins. Co.* (1969), 41 Wis. 2d 675, 683, 165 N. W. 2d 135.

[11] *Grosshans v. Rueping, supra.*