Marie KOSCHNIK, Plaintiff-Appellant,

v.

Walter F. SMEJKAL, M.D., and Manitowoc Clinic,
Defendants-Respondents.

Supreme Court

*No. 77–420. Submitted on briefs March 5, 1980.—
Decided May 6, 1980.*
(Also reported in 291 N.W.2d 574.)

For the appellant the cause was submitted on the brief of *James R. Hill* and *Patterson, Jensen, Wylie & Silton, S.C.,* of Appleton.

For the respondents the cause was submitted on the brief of *Paul H. Grimstad* and *Nash, Spindler, Dean & Grimstad* of Manitowoc.

DAY, J. The plaintiff, Marie Koschnik, appeals from a summary judgment entered for the defendants, Walter F. Smejkal, M.D., and the Manitowoc Clinic (the "Clinic"), a service corporation. The trial court found that no factual disputes existed for the purposes of the summary judgment motion and, applying the three year statute of limitations under sec. 893.205, Stats. 1975,[1] determined that the action arose out of personal injury and was therefore barred.

Three issues have been presented for review:

[1] Sec. 893.205 (1), Stats., sets a three year statute of limitations upon:

"(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955, unless notice in writing is provided in s. 330.19 (5), 1955 statutes, was served prior

1. Should the six year statute of limitations under sec. 893.19, Stats. have been applied to Marie Koschnik's cause of action relating to the furnishing of an allegedly erroneous medical report?

2. Applying the three year statute of limitations, when did the cause of action for personal injury accrue?

3. Did the furnishing of the medical report constitute an independent cause of action?

We conclude that the three year statute of limitations applies; that the cause of action occurred on the date of the alleged malpractice; and that the furnishing of an allegedly erroneous medical report in this case does not constitute an independent cause of action. Accordingly, we affirm.

The action was commenced on September 22, 1976, by filing of the summons and complaint.[2] The defendants were served on October 5, 1976. It was alleged in the complaint that on November 22, 1972, Marie Koschnik was treated by various employees of the Clinic, including Dr. Smejkal, for injuries resulting from an automobile accident in which she was involved. Dr. Smejkal was alleged to have read and evaluated x-rays which were taken of Marie Koschnik in connection with her injuries in the automobile accident. Marie Koschnik further alleged that Dr. Smejkal, in answer to a request from the attorney who represented her in an attempt to recover for her injuries resulting from the automobile accident, prepared a letter dated September 26, 1973, which con-

to July 1, 1959, in which event s. 330.19(5), 1955 statutes shall apply. . . ."

See, sec. 893.14, Stats. 1975.

[2] While the trial court found that the summons and complaint were filed September 22, 1976, they are stamped by circuit court clerk as being filed on September 22, 1976, with that date being crossed out on each page of the complaint and restamped October 4, 1976. Therefore, it is possible that the action was not commenced until October 4, 1976. Because the parties do not dispute the date of commencement, we accept the trial court's determination as to the date of the filing.

tained a written report of his medical findings. The report indicated that Marie Koschnik sustained a bruised thigh, scraped knee, sprained shoulder and cervical spine soft tissue injury, and that she had made a fairly uneventful recovery, except for the existence of a functional overlay of pain and suffering for which there was no organic cause. Relying on this report, Marie Koschnik's attorney concluded settlement negotiations with the other party involved in the automobile accident and that party's insurance carrier.

Marie Koschnik further alleged that in fact she had also sustained a fracture of the spine as a result of the November 22, 1972 automobile accident, and that Dr. Smejkal was negligent in failing to diagnose a fracture of the spine, and in addition in failing to reference such fracture in his letter of September 26, 1973.

The complaint attempted to set forth two causes of action. The first alleged that as a result of the failure to properly diagnose Marie Koschnik's fracture of the spine the fracture remained untreated, causing her personal injury. As a second cause of action it was alleged that as a result of Dr. Smejkal's negligence in preparing his letter of medical findings, Marie Koschnik and her attorney were induced to settle her claim relative to the automobile accident for an amount which did not adequately compensate her for her injuries.

The defendants in their answer interposed an affirmative defense, namely that the claim of Marie Koschnik was barred by the statute of limitations. The defendants asserted that Marie Koschnik was last seen by Dr. Smejkal relative to the injuries she sustained in the automobile accident on July 30, 1973; that Dr. Smejkal's September 26, 1973 letter of medical findings was prepared from records which were based on his examination and treatment of Marie Koschnik, all of which occurred prior to July 30, 1973; and that the facts in Dr. Smejkal's Sep-

tember 26, 1973 letter were transferred from these records accurately and without error.

Defendants, on March 31, 1977, filed a motion for summary judgment under sec. 802.08, Stats. 1975. Attached to the motion were documents and affidavits, including a stipulation between the parties that for purposes of the motion, the only act of Dr. Smejkal which occurred within three years prior to the commencement of the action was his preparation and sending of a written report of his medical findings.

The trial court in its decision noted that the uncontroverted affidavit of Dr. Smejkal stated that his preparation of the opinion letter of September 26, 1973, "was a rendition of information and opinions formed prior to [three years before commencement of the action]." On this basis, the trial court found the action barred by the statute of limitations. The complaint was ordered dismissed on the merits and costs assessed against Marie Koschnik.

The procedure to be applied in determining whether a motion for summary judgment[3] is to be granted is

---

[3] Sec. 802.08, Stats. 1975 governs summary judgment and provides in pertinent part:

"802.08. **Summary judgment.** (1) AVAILABILITY. At any time after issue is joined but not later than the time provided in the scheduling order under s. 802.10, any party may move, with or without supporting affidavits, for a summary judgment in the party's favor on any claim, counterclaim, cross-claim or 3rd party claim which the party asserts or which is asserted against the party. Amendment of pleadings shall be allowed as in cases where objection or defense is made by motion to dismiss.

"(2) MOTION. The motion shall be served at least 20 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in char-

clear. First, on examining the defendant's affidavits
and other proof, it must be determined whether a *prima
facie* defense has been established. Such a *prima facie*
defense is one which would defeat the plaintiff. *Kraemer
Bros. v. United States Fire Ins. Co.,* 89 Wis.2d 555, 566,
278 N.W.2d 857 (1979). If such a *prima facie* defense
has been established, an examination must then be made
of the plaintiff's affidavits and other proof, to deter-
mine whether there exists either disputed material facts
or competing inferences arising from undisputed facts.
*Howard v. Village Of Elm Grove,* 80 Wis.2d 33, 40, 257
N.W.2d 850 (1977); *Marshall v. Miles,* 54 Wis.2d 155,
160–61, 194 N.W.2d 630 (1972). Since no affidavits
were filed in opposition to the motion for summary judg-
ment, the only question we need address is whether the
statute of limitations is a *prima facie* defense in this
case.

I.   *SHOULD THE SIX YEAR STATUTE OF LIMITA-
TIONS UNDER SEC. 893.19, STATS. HAVE BEEN
APPLIED TO MARIE KOSCHNIK'S CAUSE OF AC-
TION RELATING TO THE FURNISHING OF AN AL-
LEGEDLY ERRONEOUS MEDICAL REPORT?*

acter, may be rendered on the issue of liability alone although
there is a genuine issue as to the amount of damages.

   "(3) SUPPORTING PAPERS. Supporting and opposing affidavits
shall be made on personal knowledge and shall set forth such
evidentiary facts as would be admissible in evidence. Copies of
all papers or parts thereof referred to in an affidavit shall be
attached thereto and served therewith, if not already of record.
The court may permit affidavits to be supplemented or opposed by
depositions, answers to interrogatories, or further affidavits.
When a motion for summary judgment is made and supported as
provided in this section, an adverse party may not rest upon the
mere allegation or denials of the pleadings but the adverse party's
response, by affidavits or as otherwise provided in this section,
must set forth specific facts showing that there is a genuine issue
for trial. If the adverse party does not so respond, summary

Marie Koschnik's primary contention is that any damages sustained as a result of the letter report of September 26, 1973 are injuries to property rather than injuries to the person, and therefore are subject to the six year statute of limitations under sec. 893.19(3), (5), Stats.,[4] rather than the three year statute of limitations under sec. 893.205(1), Stats.

This argument is based on the assumption that the type of damage alleged in the complaint determines the subject matter of the action in question. In *Klingbeil v. Saucerman,* 165 Wis. 60, 62, 160 N.W. 1051 (1917), it was noted that "[t]he words 'action to recovery damages for an injury to the person' mean an action brought on account of or by reason of bodily injuries inflicted upon a human being."

In *Estate of Kohls,* 57 Wis.2d 141, 203 N.W.2d 666 (1973), the plaintiffs brought an action against two dentists for malpractice. The question before the court in that case was whether sec. 893.205, Stats., should apply to medical malpractice actions when the action is brought in contract as well as in tort. The court held that: "The word 'action' as used in the three-year statute of limitations '. . . has reference to the subject matter or nature thereof, not to its form as a matter of remedial procedure. Whether it be in tort or on contract it is an

---

judgment, if appropriate, shall be entered against such party. . . ."

[4] Sec. 893.19, Stats., allows a six year statute of limitations upon: ". . . (3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in ss. 893.16 and 893.18. . . .

"(5) An action to recover damages for an injury to property, or for an injury to the character or rights of another, not arising on contract, except in case where a different period is expressly prescribed."

action to recover damages for injuries to the person and comes alike under the terms of the statute. . . .' "[5]

The citation by the plaintiff to *Boehm v. Wheeler*, 65 Wis.2d 668, 223 N.W.2d 536 (1974), and *Milwaukee County v. Schmidt, Garden & Erikson*, 43 Wis.2d 445, 158 N.W.2d 559 (1969), is inapt on the facts of this case. Neither of these cases were actions involving personal injury. *Boehm* was an action to recover damages for legal malpractice, relative to losses suffered as a result of the disclosure of certain trade secrets, while *Milwaukee County* was a case involving professional malpractice by an architect in the design of a heating system. In contrast to the situations in *Boehm* and *Milwaukee County* the instant action is one in medical malpractice and the damages sustained stem from the underlying personal injury.

We conclude that the alleged misdiagnosis was an integral part of Dr. Smejkal's treatment of Marie Koschnik. As such, it is clear that the subject matter of the present action is personal injury. This is true even when the misdiagnosis of the underlying personal injury causes a diminution in such "property" rights as expected future wages, or as in the instant action, an expected settlement due from another tortfeasor. Thus, the three year statute of limitations applies to this action.

## II. *APPLYING THE THREE YEAR STATUTE OF LIMITATIONS, WHEN DID THE CAUSE OF ACTION FOR PERSONAL INJURY ACCRUE?*

The further assertion is made that if the three year statute of limitations applies, the cause of action did not accrue until Marie Koschnik was injured. "Both the

[5] *Estate Of Kohls*, 57 Wis.2d at 144 (quoting from *Klingbeil v. Saucerman*, 165 Wis. 60, 62, 160 N.W. 1051 (1917)).

act of negligence and that fact of resultant injury must take place before a cause of action founded in negligence can be said to have occurred." *Holifield v. Setco Industries, Inc.,* 42 Wis.2d 750, 756, 168 N.W.2d 177 (1969). The injury did not occur, according to the plaintiff, until the settlement was reached based on the erroneous information supplied by Dr. Smejkal. Drawing an analogy from other types of professional malpractice cases, it is asserted that this action did not accrue until the date that "the damages claimed have become fixed or established."[6] Although it is potentially possible that the act of negligence and the corresponding injury in medical malpractice cases may involve different dates, we do not believe the case at bar involves such a situation.

We conclude that under our established construction of sec. 893.205, Stats., in medical malpractice cases, the cause of action accrued at the time of the misdiagnosis. The injury to Marie Koschnik became fixed on that date. *See, Peterson v. Roloff,* 57 Wis.2d 1, 4, 203 N.W.2d 699 (1973) ; *Reistad v. Manz,* 11 Wis.2d 155, 105 N.W.2d 324 (1960) ; *McCluskey v. Thranow,* 31 Wis.2d 245, 142 N.W. 2d 787 (1966) ; *Volk v. McCormick,* 41 Wis.2d 654, 165 N.W.2d 185 (1969), and *Olson v. St. Croix Valley Memorial Hospital,* 55 Wis.2d 628, 201 N.W.2d 63 (1972). In this regard we note that in *Rod v. Farrell,* 96 Wis.2d 349, 291 N.W.2d 568 (1980), the majority of this Court[7] has declined to adopt the discovery rule in medical malpractice cases holding that the question whether to change the

---

[6] The plaintiff cites the following cases involving malpractice by attorneys. *Denzer v. Rouse,* 48 Wis.2d 528, 180 N.W.2d 521 (1970); *Boehm v. Wheeler,* 65 Wis.2d 668, 223 N.W.2d 536 (1974). Other cases concerning professional malpractice from other jurisdictions are relied upon by the plaintiff. "Decisions of the courts of other states involving their statutes [of limitations] and prior decisions are of little value in cases arising in Wisconsin under Wisconsin law." *Reistad v. Manz,* 11 Wis.2d 155, 158, 105 N.W.2d 324 (1960).

[7] See dissent by Justice Abrahamson which this writer joined.

existing construction of the statute of limitations is properly one for the legislature.

III. *DID THE FURNISHING OF THE MEDICAL REPORT CONSTITUTE AN INDEPENDENT CAUSE OF ACTION?*

As a matter of law, Dr. Smejkal's "rendition of information and opinions formed prior to September 22, 1973" cannot by itself constitute an act of negligence that would allow recovery. This is illustrated by *Milwaukee County v. Schmidt, Garden & Erikson,* 43 Wis.2d 445–452, 168 N.W.2d 559 (1969). The court held that if the complaint sounded in tort the issuance of a final certificate for the heating contract (the only action falling within the applicable statute of limitations) was purely an "administrative" act—and in any event there was no allegation that that act in itself was in any way improper. Similarly in the instant action, the transcription by Dr. Smejkal of a report of his medical findings after Marie Koschnik had left his care would not give rise to an action in tort.

While a medical malpractice action may sound in contract as well as in tort, *Estate Of Kohls,* 57 Wis.2d at 144, the cause of action would begin to run from the moment the breach occurred. *Milwaukee County v. Schmidt, Garden & Erikson,* 43 Wis.2d at 455–456. Such a breach would have to have occurred during Dr. Smejkal's treatment of Marie Koschnik. Since by stipulation, the parties have agreed that Dr. Smejkal's only act falling within the three year statute of limitations was the transcribing of his report of medical findings, a purely "administrative" act, the cause of action framed in contractual terms would also be barred by the statute of limitations.

*By the Court.*—Judgment affirmed.