Charlotte E. NEUBAUER, personally and as personal representative of the Estate of Clifford S. Neubauer et al., Joy Skofronick, personally and as personal representative of the Estate of Clifford E. Mason, Walter J. Presechnik, Clarence O. Reimer and Mary M. Reimer, Darwin Frank Witkowski, Sr., and Eleanore Witkowski, Clarence P. Lillge and Hertha E. Lillge, Erich E. Eckoldt and Mamie Eckoldt, Robert J. Gaynor and Lavellette Gaynor, Plaintiffs,

v.

OWENS–CORNING FIBERGLAS CORPORATION, a foreign corporation et al., Defendants.

William GLOBIG and Kathrine A. Globig, Robert A. Wetzel and Grace M. Wetzel, Plaintiffs,

v.

JOHNS–MANVILLE SALES COMPANY et al., Defendants.

Civ. A. Nos. 77–C–52, 77–C–446, 77–C–491, 77–C–492, 78–C–43, 78–C–44, 78–C–131, 78–C–544, 79–C–117 and 79–C–980.

United States District Court, E. D. Wisconsin.

Jan. 9, 1981.

Albert J. Goldberg, Milwaukee, Wis., for plaintiffs.

Kurt H. Frauen and Mark Young, Milwaukee, Wis., for Owens-Corning Fiberglas Corp.

Donald H. Carlson, Milwaukee, Wis., for Johns-Manville Sales Co.

Robert E. Hankel, Racine, Wis., for Pittsburg Corning Corp.

Daniel J. Stangle and Donald Lieb, Milwaukee, Wis., for Keene Corp.

Jeffrey A. Schmeckpeper, Milwaukee, Wis., for Eagle-Picher Industries, Inc.

John D. Bird, Jr., Milwaukee, Wis., for Jim Walter Corp. and Celotex Corp.

Jack R. Wiedabach and Thomas N. Harrington, Milwaukee, Wis., for Fibreboard Corp.

Harney B. Stover, Jr. and James E. Culhane, Milwaukee, Wis., for GAF Corp.

Richard S. Gibbs and John R. Hoaglund, Jr., Milwaukee, Wis., for Owens-Illinois, Inc.

James P. O'Neill, Milwaukee, Wis., for Atlas Asbestos Co.

Ralph Wm. Bushnell and Bruce D. Huibregtse, Madison, Wis., for H. K. Porter Co., Inc. and Southern Asbestos Company.

Frank R. Terschan, and Dennis G. Frzezinski, Milwaukee, Wis., for Forty-Eight Insulations, Inc. and Nicolet Inc.

Arthur J. Vlasak, Milwaukee, Wis., for Forty-Eight Insulations, Inc.

Maurice J. McSweeney, Frederick C. Moore and James R. Clark, Foley & Lardner, Milwaukee, Wis., for National Gypsum Co.

Stanley F. Schellinger, James G. Doyle, and Robert R. Beltz, Milwaukee, Wis., for Standard Asbestos Manufacturing and Insulating Co.

Michael J. Pfau and Eric J. Van Vugt, Milwaukee, Wis., for Unarco Industries, Inc.

Peter S. Nelson, Appleton, Wis., for Armstrong Cork Co.

James P. Brennan, Milwaukee, Wis., for Raybestos Manhattan, Inc.

Hanlin J. Hayes, Tom E. Hayes and James Samuelsen, Milwaukee, Wis., Richard J. Kreul, Racine, Wis., for H. K. Porter Co., Inc. and Southern Asbestos Co.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

These actions are product liability suits brought for the recovery of damages for injuries allegedly sustained by the plaintiffs or their decedents as a result of the inhalation of asbestos dust. In the eight cases in which the male plaintiffs contracted asbestosis (C.A. Nos. 77–C–491, 77–C–492, 78–C–43, 78–C–44, 78–C–131, 78–C–544, 79–C–117, and 79–C–980), motions to dismiss and for summary judgment have been brought on behalf of all defendants and third-party defendants. In the two cases in which the decedents of the plaintiffs contracted mesothelioma (C.A. Nos. 77–C–52 and 77–C–446) motions to dismiss and for summary judgment have been brought only as to the claims for damages for medical costs and for pain and suffering but not as to the wrongful death claims.

The issue posed by the pending motions is the proper interpretation of the applicable state statute of limitations, formerly § 893.-205(1), Wis.Stats., which provided that

within three years of its accrual, "[a]n action to recover damages for injuries to the person" * must be brought. Former § 893.-14, Wis.Stats. (revised and renumbered as § 893.04, Wis.Stats., by the laws of 1979, effective July 1, 1980), which was in effect at the time these actions were commenced, provided:

"The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued * * *."

The plaintiffs argue for an interpretation of § 893.205(1) which permits suit to be filed within three years after a plaintiff knew or should have known that he had a compensable injury contracted as a result of exposure to asbestos dust. The defendants and third-party defendants argue variously for a date of injury without regard to whether a plaintiff at the time of injury knew or had reason to know its cause or for a date of last exposure to asbestos-containing products manufactured by a particular defendant or third-party defendant.

The male plaintiffs and the decedents of the female plaintiffs in the Neubauer and Skofronick cases worked for many years with insulation products. The defendants and third-party defendants are all manufacturers of insulation products and at various times made their products with asbestos content. It is alleged that the plaintiffs and two decedents were exposed during their working years to asbestos-containing insulation products manufactured by some or all of the defendants and third-party defendants and as a result suffered compensable injuries.

The parties agree that asbestosis and mesothelioma are progressive diseases caused by prolonged exposure to asbestos dust. There appears to be no dispute that the plaintiffs and two decedents contracted one or the other of the two diseases as a result of exposure to asbestos dust. There also appears to be no dispute that a tendency toward pneumonia, shortness of breath, wheezing, pleural calcification, and pulmonary dysfunction may be symptomatic of asbestos-caused disease. Uncontradicted affidavits on file prepared by Dr. John Schlueter, an expert retained by the defendant Johns-Manville Sales Company, establish that asbestos-caused diseases tend to develop over time and, once contracted, may become progressively worse even after exposure to asbestos dust ceases because of the internal reaction to asbestos fibers lodged in the lungs. An uncontradicted affidavit on file prepared by Dr. Nathan Grossman, an expert retained by the plaintiffs, establishes that the reaction of persons exposed to asbestos dust is highly individual and that not all persons exposed contract a disabling injury. The parties do not agree on what symptoms each plaintiff exhibited at what time nor on the extent of disability suffered by each plaintiff nor on the time when each plaintiff may be said to have suffered a compensable injury. Conflicting affidavits have also been filed regarding each plaintiff's knowledge of his medical condition three years and one day before filing suit.

Because there are no Wisconsin court cases applying § 893.205(1), Wis.Stats., to a plaintiff with a progressive industrial disease, the plaintiffs have pointed out to the court cases of a similar nature which have arisen in other jurisdictions. Thus, in *Karjala v. Johns-Manville Products Corporation*, 523 F.2d 155 (8th Cir. 1975), an asbestosis case, the Court held that the applicable statute of limitations did not begin to run until damage sufficient to maintain a cause of action had occurred, the plaintiff's harm

---

* By the laws of 1979, c. 323, § 28, eff. July 1, 1980, former § 893.205(1), as revised, was renumbered § 893.54, Wis.Stats. (1979). By the same act a separate statute of limitations for medical malpractice actions, § 893.55, Wis. Stats. (1979), was created. Present § 893.54 provides, as did former § 893.205(1), for a three-year statute of limitations for an action to recover damages for injuries to the person.

Present § 893.55 provides that a medical malpractice action must be brought within three years of the date of injury, or one year from the date the injury was or should have been discovered but in no event more than five years from the date of injury, or where a foreign object is left in the body within one year from the date the injury was or should have been discovered.

had become manifest, and he had reason to know the cause of his harm. See also *Borel v. Fibreboard Paper Products Corporation*, 493 F.2d 1076, 1102 (5th Cir. 1973), and *Insurance Company of North America v. Forty-Eight Insulations, Inc.*, 451 F.Supp. 1230 (E.D.Mich.1978), both applying a discovery rule. The third-party defendant Owens-Illinois, Inc., on the other hand, points to several cases which hold that the statute of limitations commences to run on the date of plaintiff's last exposure to the disease-causing substance, that being the date on which the defendant's wrongful conduct ceases. See, e. g., *Rowe v. Gatke Corporation*, 126 F.2d 61 (7th Cir. 1942) (applying Indiana law in an asbestosis case and therefore holding that the statute of limitations runs two years "after the last day of the last exposure to the hazards of the disease"); *Armour & Company, Inc. v. Mitchell*, 262 F.2d 580 (6th Cir. 1958); *Simmons v. Mutual Liability Insurance Co.*, 433 F.Supp. 747 (S.D.Ala.1976). However, " 'Decisions of the courts of other states involving their statutes [of limitations] and prior decisions are of little value in cases arising in Wisconsin under Wisconsin law.' " *Koschnik v. Smejkal*, 96 Wis.2d 145, 153 n. 6, 291 N.W.2d 574 (1980), citing *Reistad v. Manz*, 11 Wis.2d 155, 158, 105 N.W.2d 324 (1960). Therefore, it is to the Wisconsin cases interpreting § 893.205(1), Wis.Stats., and the state statutes of limitations in general that this Court must look for guidance in these cases.

For the most part cases which have arisen under § 893.205(1), Wis.Stats., have been medical malpractice cases, and the Wisconsin Supreme Court has uniformly held that in those cases the statute of limitations begins to run on the date of injury which normally corresponds to the date of the negligent act without regard to the date on which the plaintiff discovered his injury and its cause. See, e. g., *Rod v. Farrell*, 96 Wis.2d 349, 291 N.W.2d 568 (1980) (holding that in the case of a man who had a congenital hernia repaired in 1955 and did not discover until 1975 when he had exploratory surgery to discover the cause of his wife's failure to become pregnant that during the hernia surgery a portion of his vasa had been removed and he was sterile, the three-year statute of limitations began to run from the date of the hernia surgery); *Olson v. St. Croix Valley Memorial Hospital, Inc.*, 55 Wis.2d 628, 201 N.W.2d 63 (1972) (holding that plaintiff's cause of action accrued in 1962 when she was given a transfusion of the wrong type of blood which allegedly resulted in the birth of a stillborn child in 1969); *McCluskey v. Thranow*, ·31 Wis.2d 245, 142 N.W.2d 787 (1966) (holding that plaintiff's cause of action accrued in 1956 when a hemostat was left in her abdomen during surgery and not in 1962 when the presence of the hemostat was discovered during routine x-rays). In a product liability action under § 893.205(1), the cause of action is also held to accrue at the time of injury as opposed to the time of the negligent act (the sale of the defective product) or the time of discovery. *Holifield v. Setco Industries, Inc.*, 42 Wis.2d 750, 168 N.W.2d 177 (1969); *Denzer v. Rouse*, 48 Wis.2d 528, 532, 180 N.W.2d 521 (1970). In most product liability cases the fact of damage will be readily apparent at the time of injury. *Holifield v. Setco Industries, Inc.*, supra. In the medical malpractice area, in contrast, damage is not always apparent at the time of injury. The Court has recognized the inequity of its holding that the statute of limitations may begin to run before the plaintiff has an opportunity to learn of his injury, and seemingly before any compensable damage has occurred, *Olson v. St. Croix Valley Memorial Hospital, Inc.*, supra, at 635, 201 N.W.2d 63 (concurrence of Justice Hallows), but has held consistently that correction of the inequity must await legislative action. *Peterson v. Roloff*, 57 Wis.2d 1, 6–7, 203 N.W.2d 699 (1973); *Koschnik v. Smejkal*, 96 Wis.2d 145, 153–154, 291 N.W.2d 574 (1980).

Outside of the medical malpractice context, the Court also looks to the date of injury and not to the date of the negligent act or the date of discovery. *Peterson v. Roloff*, supra, at 6, 203 N.W.2d 699. Indeed, the Court has noted that in certain instances, e. g., § 893.19(7) (fraud) and

§ 102.12 (worker's compensation), the legislature has provided expressly for tolling of a statute of limitations until discovery, and the Court applies the rule of "expressio unius est exclusio alterius" to conclude that, therefore, in other instances the running of the statute of limitations does not await discovery. *Peppas v. Marshall & Ilsley Bank*, 2 Wis.2d 144, 148–149, 86 N.W.2d 27 (1957). Thus, in *Milwaukee County v. Schmidt, Garden & Erikson*, 43 Wis.2d 445, 168 N.W.2d 559 (1969), an architectural malpractice and breach of contract action brought pursuant to § 893.19(5), Wis.Stats., it was held that the statute of limitations began to run at the time of the breach even though the plaintiff did not then know or have reason to know of the breach. In *Peppas v. Marshall & Ilsley Bank*, supra, the Court held that the statute of limitations governing recovery of money paid out under a forged endorsement began to run from the time the sum was deducted from plaintiff's account and not from the time he learned of the forgery. In *Denzer v. Rouse*, 48 Wis.2d 528, 533, 180 N.W.2d 521 (1970), a legal malpractice action, the statute of limitations began to run on plaintiff's claim against his attorney at the time he bought a parcel of property containing a misdescription in the deed and not at the time he attempted to sell the parcel:

> "* * * Since '. . . a person has a "cause of action" when he can come into court, plead and prove certain facts and secure the relief requested,' his cause of action was then complete, except that he did not know that it then existed. The only missing ingredient was actual knowledge that a mistake in describing the property had been made. The date of gaining such knowledge is the date of discovery. As this court has said, '. . . That the injury did not become noticeable or was not in fact noticed until a later date is another question. . . .' Tolling of the statute of limitations in this state does not await the time or fact of discovery. When negligence and resultant injury have occurred, the statute starts to run. * * *"

Similarly, in *Milwaukee County v. Schmidt, Garden & Erikson*, supra, at 455, 168 N.W.2d 559, quoting from *Ott v. Hood*, 152 Wis. 97, 100, 139 N.W. 762 (1913), the Court stated:

> " ' "A cause of action on contract, whether for damages or otherwise, *commences to run from the time of the breach*, whether the facts are known to the party having the right or not, and if the latter, whether through ignorance, neglect, or mistake of such party or fraud of his adversary. There is no exception (citing cases).

> " ' "The inexorable nature of our statutes of limitations is most emphatically illustrated by *Pietsch v. Milbrath*, 123 Wis. 647, 101 N.W. 388, 102 N.W. 342, and, in effect, by all the other cited cases, by use therein of this language from *Bank of Hartford County v. Waterman*, 26 Conn. 324, 330: 'Ignorance of his rights on the part of a person against whom the statute has begun to run will not suspend its operation. He may discover his injury too late to take advantage of the appropriate remedy. Such is one of the occasional hardships necessarily incident to a law arbitrarily making legal remedies contingent on mere lapse of time.' " ' (Emphasis added.)"

Applying the general rules set forth above on interpretation of Wisconsin statutes of limitations, it is my opinion that the Wisconsin Supreme Court would hold that the date of injury for a plaintiff who contracts a progressive disease as a result of protracted exposure to a disease-causing substance is the date of his last exposure to the disease-causing substance. Since asbestosis and mesothelioma are caused by a tissue reaction to imbedded asbestos fibers, the final date of inhalation would be the final date of injury without regard to the date on which the symptoms of the disease became manifest or the date on which the plaintiff had reason to know of his injury or its cause. As stated above, " ' "* * * 'Ignorance of his rights on the part of a person against whom the statute has begun to run will not suspend its operation [even though] [h]e may discover his injury too late to take

advantage of the appropriate remedy. * * *' ” ' * * *.” *Milwaukee County v. Schmidt, Garden and Erikson*, supra, at 455, 168 N.W.2d 559.

It is also my opinion, however, that because of the nature of the process of contracting asbestosis or mesothelioma, the date of injury is the date of last exposure to the disease-causing substance, i. e., asbestos, without regard to its particular manufacture. The third-party defendant Owens-Illinois, Inc., has moved for summary judgment on the ground that it ceased the manufacture of asbestos-containing insulation products in 1958 and that none of the plaintiffs or their decedents were exposed to products containing asbestos manufactured by it within three years of filing suit. That argument goes to causation and not to the date of injury, and it is a question of fact to be resolved at trial whether the plaintiffs' exposure to products manufactured by Owens-Illinois, Inc., contributed to their injuries. In other words, because the types of injuries suffered by the plaintiffs in these cases result from prolonged exposure, because earlier exposure may contribute to a subsequent injury, and because, but for the earlier exposure, later exposure to asbestos-containing products might not have resulted in injury to a particular plaintiff, the Court will look to the date of a plaintiff's last exposure to any product containing asbestos to determine the date on which the statute of limitations began to run for his claims against all manufacturers of asbestos-containing products to which he was exposed during his working life. This result is mandated by the nature of the physical process of contracting asbestos-caused diseases. A plaintiff in Wisconsin must sustain actual damage, and not merely potential damage which never ripened into actual damage, before he may recover. *Widemshek v. Fale*, 17 Wis.2d 337, 340–341, 117 N.W.2d 275 (1962); *Central Mutual Insurance Company v. H. O., Inc.*, 63 Wis.2d 54, 59, 216 N.W.2d 239 (1974). It is also consistent with the Wisconsin Supreme Court's holding that a manufacturer who sells a defective product may be liable for an indefinite period of time after the sale

and, specifically, until the resultant injury has occurred and the plaintiff's cause of action has accrued. *Holifield v. Setco Industries, Inc.*, 42 Wis.2d 750, 757–758, 168 N.W.2d 177 (1969).

■ This holding is not consistent with the Court's tentative decision announced during the oral argument held on December 12, 1980, which was that in regard to the statute of limitations, a discovery rule would be applied to these cases. Upon reconsideration of the arguments of the parties, the briefs and affidavits submitted, and the case law, the Court has concluded that Wisconsin law does not recognize the discovery rule in applying its statutes of limitations except where provided for expressly by the legislature. Therefore, this Court, having jurisdiction solely because of diversity, is bound to apply and to follow the law of the State of Wisconsin.

The hearing previously scheduled for January 15 and 16, 1981, to discuss the applicability of the statute of limitations on a case-by-case basis is cancelled. A motion and briefing schedule is established, however, for any summary judgment motions which the parties may wish to bring based upon lack of contact by any plaintiff or her decedent with any product containing asbestos more than three years and one day before filing suit. A schedule is also established in the event any party intends to request certification of this ruling to the United States Court of Appeals for the Seventh Circuit.

For the foregoing reasons,

IT IS ORDERED that the motions for summary judgment of the defendant Johns-Manville Sales Company, of liaison counsel on behalf of all third-party defendants, of the Keene Corporation, of Armstrong Cork Co., of Owens-Corning Fiberglas Corp., and of Owens-Illinois, Inc., for summary judgment are denied.

IT IS FURTHER ORDERED that if any party intends to seek certification of this decision and order to the United States Court of Appeals for the Seventh Circuit, the motion for certification shall be served and filed within fourteen days from the

filing date of this order; answering briefs shall be served and filed within twenty-one days of the filing date of this order; and any reply briefs shall be served and filed within twenty-five days of the filing date of this order.

IT IS FURTHER ORDERED that if any party intends to move for summary judgment on the ground of lack of contact with products containing asbestos by any plaintiff within three years and one day of filing suit, such motion shall be served and filed with supporting material on or before February 16, 1981; answering briefs shall be served and filed on or before March 3, 1981; and any reply briefs shall be served and filed on or before March 9, 1981.