**Robert T. DEVINE and Christine Devine, his wife, Plaintiffs,**

v.

**JOHNS–MANVILLE SALES CO., et al., Defendants.**

No. 80–C–205.

United States District Court, E. D. Wisconsin.

Aug. 13, 1981.

James J. Murphy, Gillick, Murphy, Gillick, Bern & Wicht, Milwaukee, Wis., for plaintiff.

Donald H. Carlson, Riordan, Crivello, Sullivan & Carlson, Milwaukee, Wis., for Johns-Manville.

John D. Bird, Jr., Churchill, Duback & Smith, Milwaukee, Wis., for Walters & Celotex.

Daniel J. Stangle, Otjen & Van Ert, Milwaukee, Wis., for Keene.

Mark S. Young, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for Owens-Corning Fiberglas.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs, Robert Devine and his wife Christine Devine, filed this action on March 4, 1980. Mr. Devine is employed as a truck driver and warehouseman, and in the course of his employment he frequently handles insulation materials containing asbestos. The defendants are all manufacturers of asbestos fiber products, including insulating materials.

The case is currently before me on the defendants' joint motion for summary judgment. The plaintiffs set forth two causes of action. First, it is alleged that the defendants were negligent in their manufacture, labeling, and testing of the asbestos products, and in their failure to develop less hazardous substitutes. Mr. Devine allegedly contracted asbestosis and other lung diseases as a result of the defendants' negligence and seeks damages. His wife also seeks compensation for her resulting deprivation of support and companionship. Secondly, the plaintiffs seek compensatory and punitive damages for the defendants' alleged willful suppression of information concerning the dangers of asbestos.

The defendants assert that they are entitled to summary judgment because this action is barred by Wisconsin's statute of limitations. The statute, in relevant part, provides:

"The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued...." Wis.Stat. § 893.14 (current version at § 893.04 (1979)).

. . . .

"Within 3 years:

(1) An action to recover damages for injuries to the person...." Wis.Stat. § 893.205(1) (current version at § 893.-54(1) (1979)).

The defendants argue rather convincingly that, under Wisconsin law, the cause of action accrues when the plaintiff is injured, and the statutory period of three years begins running as of that date. They contend that Mr. Devine had asbestosis as early as 1969, and his failure to commence this action within three years of his injury bars his recovery now.

The plaintiffs, as well as the defendants, devote a considerable portion of their discussion to the issue of whether the statute of limitations begins running when the injury to the plaintiff occurs or when the plaintiff discovers the injury. A recent decision on that very issue, rendered by Chief Judge John W. Reynolds, awaits review by the court of appeals for this circuit. *Neubauer v. Owens-Corning*, 504 F.Supp. 1210 (E.D.Wis.1981). However, the resolution of that legal issue is not a necessary prerequisite to my disposition of the instant motion. I find that under either rule on the accrual of personal injury actions, there are unresolved issues of fact which preclude the granting of summary judgment in the case at bar.

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir. 1976). The defendants in this case have the burden of showing that there is no material fact in dispute, *Rose v. Bridgeport Brass Co.*, 487 F.2d 804, 808 (7th Cir. 1973), and all doubts as to the existence of a disputed fact must be resolved against them. *Moutoux v. Gulling Auto Electric, Inc.*, 295 F.2d 573, 577 (7th Cir. 1961); 10 Wright and Miller, Federal Practice and Procedure: Civil § 2727.

To support their contention that Mr. Devine had asbestosis in 1969, the defendants point to several items in the record. First, Mr. Devine, a smoker, testified on deposi-

tion that he was experiencing shortness of breath as early as 1968 to 1970. Secondly, in an affidavit, the defendants offer the medical opinion of a Dr. Grossman that Mr. Devine was suffering from asbestosis in 1969. The doctor states that his opinion is based on his review of x-rays taken of Mr. Devine's chest in 1969, 1974, and 1978, his examination of Mr. Devine conducted in May, 1978, and a medical history provided by Mr. Devine. Finally, the record contains reports from Dr. Grossman's file of the x-rays taken of Mr. Devine on August 6, 1969, July 15, 1974, and April 18, 1978. Each x-ray report contains the date of the x-ray, followed by a short description of the "pleural plaquing" and "nodular infiltrations" of the lungs. The defendants argue that Mr. Devine's statement, the medical opinion, and the x-ray reports clearly demonstrate that Mr. Devine's injury occurred, and thus the cause of action accrued, more than three years prior to the commencement of this action.

The plaintiffs dispute the reliability of Dr. Grossman's conclusion, based on the x-ray reports, that Mr. Devine suffered from asbestosis in 1969. The x-ray reports were apparently prepared together, on a date sometime after all three x-rays had been taken. It is not clear who authored the reports. The plaintiffs' brief states:

> "Absent the hindsight enjoyed by Dr. Grossman, the fact remains that many people experience changes in lung structure such as fibrosis and pleural plaquing but never go on to develop symptomatic asbestosis."

In other words, the plaintiffs contend that the presence of pleural plaquing in Mr. Devine's lungs in 1969 did not warrant the doctor's conclusion that Mr. Devine had already contracted asbestosis.

Assessing the record in its entirety, I believe that there are unresolved material issues of fact in this case. Dr. Grossman's opinion as to when the injury occurred is based in part on the x-rays, and the plaintiffs question that basis for the doctor's opinion. In addition, Mr. Devine's deposition testimony shows that he consulted and had x-rays taken by a doctor at his union clinic in 1969, who apparently did not diagnose asbestosis at that time. On the record before me, I cannot conclude that the date of injury is undisputed. On a motion for summary judgment, my role is to determine whether there are disputed facts, not to resolve those disputes. *Carter v. Williams*, 361 F.2d 189, 194 (7th Cir. 1966). Accordingly, if the date of injury rule is applied, the motion for summary judgment must be denied.

If the date of discovery rule is applied, as the plaintiffs urge, this case would also be inappropriate for disposition on a summary judgment motion. There is no evidence in the record as to when Mr. Devine should have known of his injury, and it is certainly not clear that he had actual knowledge more than three years prior to commencing his suit. Thus, the defendants' motion for summary judgment must be denied regardless of whether the date of injury or date of discovery determines when the cause of action accrues.

Therefore, IT IS ORDERED that the defendants' motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that counsel for the parties are directed to appear in Courtroom 225, Federal Building, Milwaukee, Wisconsin, on Thursday, September 24, 1981, at 9:30 A.M., for a status conference in this case.